IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

BALTIMORE-WASHINGTON                     *
CONSTRUCTION AND PUBLIC
EMPLOYEES, LABORERS' DISTRICT            *
COUNCIL DEFINED CONSTRIBUTION            *
RETIREMENT PLAN, et al.,
                                         *
    Plaintiffs,
                                         *
       v.                                    CIVIL NO.: WDQ-13-3474
                                         *
A-PINN CONTRACTING, LLC,
                                         *
    Defendant.
                                         *

   *    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

The Baltimore-Washington Construction and Public Employees, Laborers' District Council Defined Contribution Retirement Plan (the "Plan") and others[1] (collectively "the Plaintiffs"), sued A-Pinn Contracting, LLC ("A-Pinn") for violations of the Employee Retirement Income Security Act ("ERISA")[2] and the Labor Management Relations Act ("LMRA").[3] Pending is the Plaintiffs' limited objection to Magistrate Judge Gallagher's Report and

---

[1] Laborers' District Council Pension and Disability Trust Fund No. 2, Laborers' District Council Health and Welfare Trust Fund No. 2, Laborers' Joint Training Fund of Washington D.C. and Vicinity, Justin Meighan (as trustee), and George Maloney (as trustee). See ECF No. 1.

[2] 29 U.S.C. §§ 1001 et seq.

[3] 29 U.S.C. §§ 185 et seq.

Recommendation ("R&R") on the Plaintiffs' motion for entry of default. For the following reasons, the Court will adopt Judge Gallagher's R&R.

I.  Background

On November 19, 2013, the Plaintiffs sued A-Pinn for violations of ERISA. *See* ECF No. 1. The complaint alleged that A-Pinn violated ERISA and LMRA by failing to comply with the Fund's payroll audit and failing to make required contributions to the Fund. *Id.* ¶¶ 8-18. On May 30, 2014, the Plaintiffs moved for entry of default because A-Pinn had failed to respond to the complaint. ECF No. 9. On June 5, 2014, the Court referred the motion to Magistrate Judge Stephanie A. Gallagher. ECF No. 11.

On July 14, 2014 Judge Gallagher issued her R&R. ECF No. 15. Judge Gallagher found that the Plaintiffs had "asserted a valid cause of action and are entitled to damages pursuant to [29 U.S.C.] § 502(g)." *Id.* at 7. Judge Gallagher recommended that the Court award the Plaintiffs $8.00 in liquidated damages and $1,201.25 in audit costs. *Id.* at 8. The Plaintiffs requested $7,898 in attorneys' fees and $630 in costs. *Id.* Judge Gallagher recommended awarding the Plaintiffs $630 for costs, but recommended limiting the attorneys' fees to $5,520.00. *Id.* at 10. Judge Gallagher also recommended

injunctive relief: A-Pinn should submit all outstanding contribution reports and submit to an audit. *Id.* at 11-12.

On July 14, 2014, the Plaintiffs filed a limited objection to the R&R. ECF No. 16. The Plaintiffs contend that Judge Gallagher erred in not awarding the full amount of requested attorneys' fees. ECF No. 18 at 2.

II. Analysis

A.  Legal Standard

Under the Magistrate Judges Act, 28 U.S.C. § 636, a district judge may designate a magistrate judge to conduct hearings (if necessary) and report proposed findings of fact and recommendations for action on a dispositive motion. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); *see also* Local Rule 301.5(b) (D. Md. 2011).

A party aggrieved by a magistrate judge's R&R about a dispositive motion must file "specific written objections to the proposed findings and recommendations" within 14 days. Fed. R. Civ. P. 72(b)(2). The reviewing judge "shall make a *de novo* determination of those portions of the [magistrate judge's] report . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations," and "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

B.   Attorneys' Fees

The Plaintiffs request $7,898.00 in attorneys' fees and an additional $711 in fees incurred preparing their limited objection. ECF No. 18. Counsel for the Plaintiffs, Richard S. Siegal, Esq., worked 18.4 hours on the Plaintiffs' case through the default motion. ECF No. 17 at 10. Siegal has been admitted to practice for about six years and bills at an hourly rate of $395.00. Id. In his six years of experience, Siegal has "substantial experience in litigating matters arising under [ERISA]." ECF No. 18 at 2.

Judge Gallagher recommended reducing Siegal's hourly rate to $300 an hour, "the maximum presumptively reasonable rate for a lawyer with his experience" based on this Court's Guidelines for Determining Attorneys' Fees in Certain Cases. ECF No. 17 at 10. Judge Gallagher recognized that other courts have departed from the Guidelines to award Siegal's full fees,[4] but felt such a departure was unreasonable in this case because Siegal's work

---

[4] See Laborer' Dist. Council Pension & Disability Trust Fund No. 2 v. Parkinson Constr. Co., No. WDQ-13-0294, 2014 U.S. Dist. LEXIS 45906, at *12 (D. Md. Apr. 3, 2014) (Magistrate Judge Sullivan finds Siegal's $395 an hour rate reasonable); Laborer' Dist. Council Pension & Disability Trust Fund No. 2 v. E.G.S., Inc., No. WDQ-09-3174 (D. Md. Apr. 22, 2010) (rejecting Chief Magistrate Jude Grimm's determination that $300 an hour was an unreasonable fee for Siegel and awarding full amount).

was not superior,[5] and his expertise in ERISA was rewarded by allocating the maximum presumptively reasonable rate.[6] ECF No. 17 at 10. The Plaintiffs argue that because judges have departed from the Guidelines in the past in awarding Siegal's fees, the Court should do the same here. ECF No. 18 at 2-3. Additionally, the Plaintiffs contend that Siegal did not supplement their prior motions as ordered by Judge Gallagher because they were trying to reduce costs, and this is not a reason to reduce the fee award.[7] Id. at 3.

The Court recognizes Siegal's experience in ERISA, but will not depart from Judge Gallagher's recommendation. Siegal's $395

---

[5] Judge Gallagher thought "it was inappropriate to award [] Siegal fees at a rate commensurate with attorneys admitted to practice for fifteen years, particularly when the initial motion was lacking in evidentiary support, and the supplemental motion omitted material information." ECF No. 17 at 10. Judge Gallagher noted that she "ordered the Plaintiffs to supplement their motion twice, because of lack of supporting evidence." Id.

[6] For a lawyer of Siegal's experience, the Guidelines recommend a billing rate between $165.00 and $300.00. Local R. App'x B(3) (D. Md. 2014).

[7] The Plaintiffs argue that in collection actions, the Fund risks losing money if its attorneys' fees are too high and "may ultimately be worse off for having brought a collection action in the first place, if they cannot collect on their judgment." ECF No. 18 at 4. The Plaintiffs cite cases in which concise motions for default were granted without a large amount of evidentiary and supplemental support. Id.; see Laborer' Dist. Council Pension & Disability Trust Fund No. 2 v. Horton & Barber Const. Serv. LLC, No. WMN-13-298 (D. Md. May 23, 2013). However, none of these cases was before Judge Gallagher.

an hour rate has been found reasonable in other cases[8] and may be reasonable in future cases.  Although, in the past, this Court has determined that Siegal's work merited an above guidelines rate, this Court has also previously determined that $300 an hour was a reasonable rate for Siegal.  *E.G.S., Inc.*, No. WDQ-09-3174 (D. Md. Apr. 22, 2010).  Judge Gallagher found that Siegal's work in this case did not merit a $95 an hour departure above the guidelines.  This conclusion is well-founded.  The Court declines to find that $395 an hour is presumptively unreasonable, but Siegal's work in this case merits a $300 an hour rate.[9]

The Plaintiffs also request $711 in fees incurred preparing their limited objection.  ECF No. 18 at 2.  Because the Plaintiffs' limited objection was well-prepared and does not reflect the concerns noted by Judge Gallagher at the default stage, the Court will award the full amount of attorneys' fees incurred preparing the motion.

---

[8] *See Parkinson Constr.*, 2014 U.S. Dist. LEXIS 45906, at *12.

[9] The Court recognizes the difficulty of Funds to collect from employers while reducing attorneys' fees, and that by not awarding the full fee amount the Fund might be "worse off." However, these considerations do not require the Court to award fees for work that the magistrate judge reasonably described as not superior.  The Court will acknowledge Siegal's experience by awarding in this case, the maximum presumptively reasonable rate.

III. Conclusion

For the reasons stated above, Judge Gallagher's R&R will be adopted.

_10/9/14_  
Date

_/s/ signature_  
William D. Quarles, Jr.  
United States District Judge